The Honorable Michael H. Coffman Colorado House of Representatives State Capitol Denver, Colorado 80203
Dear Representative Coffman:
This letter responds to your request for an opinion about the effect of a subcontractor's corporate-officer waiver of workers' compensation on the contractor's liability to provide workers' compensation coverage for the employees of the subcontractor.
QUESTION PRESENTED AND CONCLUSION
Does a proper waiver of coverage under § 8-41-202, C.R.S. (1992 Supp.) by a corporate officer of a subcontractor relieve the contractor of liability for workers' compensation as a statutory employer under § 8-41-401, C.R.S. (It is assumed that your intention in referring to "statutory employer" was to make reference to § 401, and not § 101.)
No.
ANALYSIS
This question was addressed generally in an Attorney General Opinion dated February 5, 1992, in a letter to the Department of Labor and Employment, a copy of which is attached. The analysis presented in the first part of that opinion applies to this issue and is summarized below and applied to the specific business relationship identified in your question.
Section 8-41-202 allows a qualifying corporate officer, under certain circumstances, to waive workers' compensation insurance. Such a waiver relieves the corporation of its obligation to provide coverage for that officer. However, as noted in the Opinion of February 5, 1992, such a waiver does not extend to any other entity and cannot relieve such entity of its obligation to provide coverage if it too is an "employer" of the corporate officer.
Your question presents the following scenario. A corporation, largely owned by its employees, agrees to be a subcontractor; it will provide subcontracted work for a general contractor.[1] If employees of the corporation execute valid corporate-officer waivers[2], the corporation does not have to provide them with workers' compensation coverage. But what about the general contractor? Does it have to provide coverage for the corporation's officer-employees who have waived compensation and are acting as subcontracted workers?
The answer is yes. Section 8-41-401 specifies that general contractors are "employers" of subcontracted workers:
 8-41-401. Lessor or contractor-out deemed employer — liability — recovery.
 (1) Any person, company, or corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof to any lessee, sublessee, contractor, or subcontractor, irrespective of the number of employees engaged in such work, shall be construed to be an employer as defined in articles 40 to 47 of this title and shall be liable as provided in said articles to pay compensation for injury or death resulting therefrom to said lessees, sublessees, contractors, and subcontractors and their employees or employees' dependents. The employer, before commencing said work, shall insure and keep insured against all liability as provided in said articles, and such lessee, sublessee, contractor, or subcontractor, as well as any employee thereof, shall be deemed employees as defined in said articles. (Emphasis added.)
Nothing in the Workers' Compensation Act provides that a subcontractor's corporate-officer waiver would also relieve the general contractor of its statutory responsibility to provide coverage. The plain language of § 8-41-202 does not extend waivers to more than one employer. Indeed, § 8-41-202(3) specifically provides that the waiver provisions should not be construed to limit a corporation's responsibility to provide coverage for employees. Since § 8-41-401 construes the general contractor as an employer, who is liable for workers' compensation to subcontractors and their employees, the waiver provisions cannot be used as a substitute for a general contractor's liability for workers' compensation.[3]
SUMMARY
A waiver of workers' compensation pursuant to § 8-41-202 only applies to the corporation for which the "employee" is also a corporate officer. Therefore, a waiver executed by a subcontractor's officer-employee does not relieve the general contractor of its obligation to provide coverage for the sub-contractor-employee under § 8-41-401.
Sincerely,
 GALE A. NORTON Attorney General
WORKMEN'S COMPENSATION WAIVERS STATUTORY CONSTRUCTION
Section 8-40-102, C.R.S. (1991 Supp.) Section 8-41-202, C.R.S. Section 8-41-401, C.R.S.
HOUSE OF REPRESENTATIVES
Corporate officers who elect out of Workers' Compensation coverage when employed as subcontractor do not relieve general contractor of liability for coverage for said employees.
[1] The general contractor could exist as any business entity: sole proprietorship, partnership, or corporation.
[2] Your question assumes that the waivers meet the requirements of 8-41-202. Whether a waiver actually meets these requirements is a fact-specific question which can be answered only by considering the circumstances of each particular case.
[3] Moreover, the recorded legislative history of the Act indicates that such waivers should be applied narrowly. A broad application of such waivers could frustrate the general purpose of the Act. See Opinion of February 5, 1992, p. 3. The General Assembly believed that the general contractor has the incentive and ability to best establish safe workplace procedures and conditions.